Certiorari granted, June 29, 2012
Vacated by Supreme Court, June 29, 2012

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4280**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

MICHAEL LAMONT BOOMER,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:04-cr-00089-HEH-1)

Submitted: October 31, 2011          Decided: November 10, 2011

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph R. Pope, WILLIAMS MULLEN, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Angela Mastandrea-Miller, Richard D. Cooke, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Boomer appeals from the sentence imposed after he was resentenced on remand from an appeal from the sentence imposed after relief was granted under 28 U.S.C.A. § 2255 (West Supp. 2011) and 18 U.S.C. § 3582(c) (2006). Boomer was found guilty after a jury trial of possession with the intent to distribute fifty grams or more of cocaine base, possession with the intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. Boomer argues that statutory mandatory minimum sentences applicable in his case violate the separation of powers doctrine. He also argues that his sentence is substantively unreasonable. Finding no error, we affirm.

Boomer argues that statutory mandatory minimum sentences applicable in his case violate the separation of powers doctrine because they relegate the sentencing role of the judiciary to administering the sentence without having the individual discretion to impose a sentence that the court chooses. He argues that the executive branch should not establish punishments for crimes.

Boomer did not raise this issue in the district court; therefore, it is reviewed for plain error. Generally, this court reviews de novo a district court's ruling on a constitutional challenge to a statute. United States v.

Buculei, 262 F.3d 322, 327 (4th Cir. 2001).  When a defendant fails to timely raise a constitutional challenge in the district court, however, this court reviews the issue for plain error. United States v. Olano, 507 U.S. 725, 732-33 (1993).  Because Boomer only asserted his separation of powers argument on appeal, his claim is reviewed to determine whether (1) there was error; (2) that was plain; and (3) that affected substantial rights.  Olano, 507 U.S. at 732-35.

We conclude that Boomer's constitutional challenge is without merit and that the district court properly considered itself constrained by the applicable statutory minimum sentence. See Harris v. United States, 536 U.S. 545, 568-69 (2002) (recognizing criticisms of mandatory minimum sentencing provisions, but not holding them unconstitutional); Chapman v. United States, 500 U.S. 453, 467 (1991) (noting that determinate sentences are not unconstitutional); United States v. Gonzalez-Ramirez, 561 F.3d 22, 30 (1st Cir. 2009) (deciding that prosecutor's discretion to seek enhanced minimum sentence does not violate separation of powers doctrine), cert. denied, 130 S. Ct. 524 (2009).

Boomer argues that his 125-month sentence on count one is substantively unreasonable because the factors the district court relied upon in imposing the sentence were already considered legislatively when calculating the mandatory minimum

3

sentence or were taken into account in the sentence imposed for possession of a firearm in furtherance of a drug trafficking crime. Boomer argues specifically that the court abused its discretion because the court considered his thirteen misdemeanors, which he states are not offenses under the Guidelines warranting a greater sentence, that the court erred in finding that he was "more than a casual distributor," of drugs in light of the three bags of fifty-nine grams of crack cocaine in his possession, and that his possession of a firearm and bulletproof vest were acts punished under his § 924(c) conviction and should not be considered to increase his possession with intent to distribute sentence.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

First, the court did not err in considering Boomer's thirteen misdemeanor convictions. Not all of the convictions were counted for purposes of criminal history points, but it is clear from the transcript that the court concluded that the

4

multiple convictions demonstrated a regular pattern of violations and indifference toward the law.

Next, Boomer contends that his sentence was unreasonable because the court noted that, based on the quantities involved, he was more than a casual distributor. Boomer had been convicted of possession with intent to distribute, and the court is required to sentence in compliance with the jury's verdict. United States v. Curry, 461 F.3d 452, 460-61 (4th Cir. 2006).

Finally, Boomer claims that the district court's reliance on his possession of a firearm and bullet-resistant vest was error and makes his sentence substantively unreasonable because this conduct was punished in count three, under § 924(c), and should not be used to increase his sentence above the mandatory minimum for count one. Boomer is incorrect regarding the bulletproof vest; he did not receive an enhancement based on the vest. The possession of a vest may be deemed an aggravating fact, demonstrating a deeper level of distribution activity requiring serious safety measures. Although the possession of a firearm was the subject of the § 924(c) count, the court's reasoning appears to indicate that the possession it referred to was a part of a pattern of defiance of the law and immersion in drug trafficking.

Consideration of the substantive reasonableness of a sentence requires an assessment of the totality of circumstances underlying the sentence, including the extent of any variance from the Guidelines range. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Viewing the totality of the evidence, we conclude that the 125-month sentence, five months above the mandatory minimum and including a downward variance, was not an abuse of discretion and therefore the sentence is reasonable.

For the first time in his reply brief, Boomer argues that the Fair Sentencing Act should have applied to him at resentencing. In the district court he conceded that the Fair Sentencing Act did not apply. He also concedes in his reply brief that his opening brief did not raise the issue. The court will not consider issues raised for the first time in a reply brief. See United States v. Brooks, 524 F.3d 549, 556 n.11 (4th Cir. 2008); Yousefi v. United States INS, 260 F.3d 318, 326 (4th Cir. 2001) ("Because [the] opening brief fails to raise a challenge to [a basis for the agency's decision], he has abandoned it. The fact that [he] pursues this issue in his reply brief does not redeem his failure to do so in the opening brief." (internal citations omitted)); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999). We therefore decline to consider the issue.

Accordingly, we affirm the criminal judgment. Because there is no error in the resentencing and Boomer did not raise any issues specific to the order reducing his sentence, we also affirm the district court's order granting a sentence reduction under § 3582(c). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED